IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIKAL HODGE and** <br> **NAKISHA HODGE, h/w** <br><br> v. <br><br> **ROBERT BAXTER, JR. and** <br> **NATIONAL RAILROAD PASSENGER** <br> **CORPORATION** | : **CIVIL ACTION** <br> : <br> : <br> : <br> : <br> : <br> : <br> : **No.** |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendants, Robert Baxter, Jr. and National Railroad Passenger Corporation (hereafter "Amtrak"), by and through their undersigned counsel, Hohn & Scheuerle, LLC, respectfully aver the following in support of their Petition for Removal:

1. On or about September 19, 2017, Plaintiffs, Mikal Hodge and Nakisha Hodge, h/w instituted this action in the Philadelphia County Court of Common Pleas by way of Civil Action Complaint. (A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".)

2. On or about September 28, 2017, Plaintiffs served their Complaint upon Amtrak.

3. On or about October 3, 2017, the undersigned counsel entered their appearance for Defendants, Robert Baxter, Jr. and National Railroad Passenger Corporation in the Philadelphia County Court of Common Pleas.

4. The case is pending in the Philadelphia County Court of Common Pleas of at September Term, 2017, No. 2159.

5. Amtrak is a corporation created by an Act of Congress with its principal place of business in Washington, DC.

6. The above-described action is a civil action over which this Honorable Court has jurisdiction pursuant to 28 USC §1331. Amtrak is a corporation which is owned by the Federal Government. Federal jurisdiction is appropriate under 28 USC §1331.

7.      The above-described action is one that may be removed to this Honorable Court by Defendant pursuant to the provisions of 28 USC §1441(a) in that this action has been brought in a State Court and a District Court of the United States has original jurisdiction under 28 USC §1331.

WHEREFORE, Defendants, Robert Baxter, Jr. and National Railroad Passenger Corporation, hereby request that the above action now pending in the Philadelphia County Court of Common Pleas at September Term, 2017; No. 2159 be removed therefrom to this Honorable Court.

          HOHN & SCHEUERLE, LLC

BY: _____
    RICHARD K. HOHN, ESQUIRE
    CHARLES L. McNABB, ESQUIRE
    STEPHEN S. DOUGHERTY, ESQUIRE
    Attorney for Defendant
    1700 Market Street, Suite 3242
    Philadelphia, PA 19103
    215-496-9995
    215-496-9997 (Fax)
    rhohn@dverdict.com
    cmcnabb@dverdict.com
    sdougherty@dvedict.com

## CERTIFICATE OF SERVICE

I, Richard K. Hohn, Esquire, certify that a true and correct copy of the Notice of Removal was sent to all parties and counsel listed below by United States Mail, postage prepaid.

Nicholas L. Palazzo, Esquire
DEFINO LAW ASSOCIATES, P.C.
2541 South Broad Street
Philadelphia, PA 19148
Attorney for Plaintiffs

                              HOHN & SCHEUERLE, LLC

                              BY: _____
                              RICHARD K. HOHN, ESQUIRE
                              CHARLES L. MCNABB, ESQUIRE
                              STEPHEN S. DOUGHERTY, ESQUIRE
                              Attorneys for Defendants
                              1700 Market Street, Suite 3242
                              Philadelphia, PA 19103
                              215-496-9995
                              215-496-9997 (Fax)
                              rhohn@dverdict.com
                              cmcnabb@dverdict.com
                              sdougherty@dverdict.com

DATED: 10/4/17

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2017**

E-Filing Number: 1709041595

**002159**

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> MIKAL HODGE | **DEFENDANT'S NAME** <br> ROBERT BAXTER, JR. |
| **PLAINTIFF'S ADDRESS** <br> 547 REDFIELD STREET <br> PHILADELPHIA PA 19143 | **DEFENDANT'S ADDRESS** <br> 4902 CEDAR AVENUE <br> PHILADELPHIA PA 19143 |
| **PLAINTIFF'S NAME** <br> NAKISHA HODGE | **DEFENDANT'S NAME** <br> NATIONAL RAILROAD PASSENGER CORPORATION |
| **PLAINTIFF'S ADDRESS** <br> 547 REDFIELD STREET <br> PHILADELPHIA PA 19143 | **DEFENDANT'S ADDRESS** <br> 30TH STREET STATION 30TH & MARKET STREET <br> PHILADELPHIA PA 19104 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

RECEIVED
AMTRAK CLAIMS DEPARTMENT
SEP 28 2017
PHILADELPHIA, PA
via hand-delivery

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal <br> [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less <br> [X] More than $50,000.00 | [ ] Arbitration <br> [ ] Jury <br> [X] Non-Jury <br> [ ] Other: | [ ] Mass Tort <br> [ ] Savings Action <br> [ ] Petition | [ ] Commerce <br> [ ] Minor Court Appeal <br> [ ] Statutory Appeals | [ ] Settlement <br> [ ] Minors <br> [ ] W/D/Survival |

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
SEP 19 2017
K. EDWARDS

**IS CASE SUBJECT TO COORDINATION ORDER?** YES  NO

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MIKAL HODGE , NAKISHA HODGE
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> NICHOLAS L. PALAZZO | ADDRESS <br> 2541 SOUTH BROAD ST <br> PHILADELPHIA PA 19148 |
|---|---|
| PHONE NUMBER: (215) 551-9099 | FAX NUMBER: none entered |
| SUPREME COURT IDENTIFICATION NO. <br> 309040 | E-MAIL ADDRESS <br> npalazzo@definolawyers.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY <br> NICHOLAS PALAZZO | DATE SUBMITTED <br> Tuesday, September 19, 2017, 04:23 pm |

**EXHIBIT A**

DEFINO LAW ASSOCIATES, P.C.
BY: NICHOLAS L. PALAZZO, ESQUIRE
I.D.# 309040
2541 S. BROAD STREET
PHILADELPHIA, PA 19148
215-551-9099
215-551-4099 (FAX)

ATTORNEY FOR PLAINTIFF



| | |
|---|---|
| MIKAL HODGE AND<br>NAKISHA HODGE, h/w<br><br>vs.<br><br>ROBERT BAXTER JR.<br>4902 Cedar Avenue<br>Philadelphia, PA 19143<br>and<br>National Railroad Passenger Corporation<br>30TH STREET STATION<br>30TH & MARKET STREET<br>PHILADELPHIA PA 19104 | : : : : : : : : : : : : |

## IMPORTANT NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE, IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL AND INFO. SERVICES
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PA 19107-2911
(215) 238-1701

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta a sentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. LLEVE ESTATE DEMANDA A UN ABOGADO IMMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Servicio de Referencia e Informacion Legal
1101 MARKET STREET, 11TH FLOOR
FILADELFIA, PA 19107-2911
(215) 238-1701

Case ID: 170902159

DEFINO LAW ASSOCIATES, P.C.　　　　　　ATTORNEY FOR PLAINTIFF
BY: NICHOLAS L. PALAZZO, ESQUIRE
I.D.# 309040
2541 S. BROAD STREET
PHILADELPHIA, PA 19148
215-551-9099
215-551-4099 (FAX)

---

| | |
|---|---|
| MIKAL HODGE AND NAKISHA HODGE, h/w<br>vs.<br>ROBERT BAXTER JR.<br>4902 Cedar Avenue<br>Philadelphia, PA 19143<br>and<br>National Railroad Passenger Corporation<br>30TH STREET STATION<br>30TH & MARKET STREET<br>PHILADELPHIA PA 19104 | : : : : : : : : : : : |

## COMPLAINT IN CIVIL ACTION – AUTO

1. Plaintiffs are husband and wife and adult individuals residing at 547 S Redfield Street Philadelphia, PA 19143.

2. Defendant is a non profit corporation authorized by 49 u.s.c.a. section 24301 which can be served at the addresses listed above and at all times material hereto was the owner of and employed the operator of a certain Amtrak motor vehicle which was involved in the accident hereinafter described.

3. At all times material hereto, Defendant was acting by and through its employees, agents and work persons, specifically, Amtrak employee, Robert Baxter Jr., who

Case ID: 170902159

was driving and operating the vehicle that struck Plaintiff, Mikal Hodge as more fully set forth below.

4. On or about February 18th 2016 Plaintiff Mikal Hodge was in Philadelphia at a Sunoco Gas Station when his vehicle was struck by an Amtrak vehicle driven by Robert Baxter, Jr. Mr. Baxter negligently reversed his vehicle into the front of Mr. Hodge's vehicle causing damage to both vehicles and causing Mr. Hodge to sustain injuries as further detailed below.

## COUNT I - NEGLIGENCE (Vicarious Liability)
### PLAINTIFF, MIKAL HODGE V. NATIONAL RAILROAD PASSENGER CORPORATION

5. Plaintiffs hereby incorporates all preceding paragraphs, inclusively, as if fully set forth at length.

6. At all times material hereto, Defendant was the employer of Robert Baxter Jr., who at all times material was operating within his course and scope of employment for Defendant, National Railroad Passenger Corporation and as such, Defendant is vicariously responsible for Defendant, Robert Baxter Jr.

7. Defendant's negligence consisted of the following: (1) failing to yield to traffic with the right of way, (2) reversing without ensuring that it was safe to do so, (3) failing to abide by the assured and clear distance ahead rule, (4) reversing without looking, (5) traveling at an unreasonable speed under the circumstances.

8. At all times material the vehicle that caused the accident in question was not registered in the Commonwealth of Pennsylvania thereby establishing Plaintiff, Hodge as

Case ID: 170902159

full tort pursuant to the PA Motor Vehicle Code.

9. As a direct and proximate result of Defendant's aforesaid negligence, Defendant, directly and proximately caused Plaintiff suffer serious and painful injuries, some of which are permanent in nature and which include but are not limited to the following: *sprains and strains in his spine, head injury, and a herniated disc in his spine requiring pain management intervention and care.*

10 As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has been and may continue to be obliged to receive and undergo medical attention and care and to incur various expenses for the injuries he has suffered for an indefinite time in the future.

11 As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff, has suffered severe physical pain and mental anguish and may continue same for an indefinite time in the future.

12. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff, has been prevented from attending to his usual duties and daily activities and verily believes that he may be prevented from same for an indefinite time in the future.

13. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff, has been prevented from attending to his usual duties and may have been caused to suffer a loss of wages and may be likely to suffer future loss of wages and has suffered a loss in his earning capacity.

WHEREFORE, Plaintiff, Mikal Hodge prays for judgment in his favor and against Defendant for a sum in excess of Fifty Thousand ($50,000.00) Dollars plus costs.

## COUNT II - LOSS OF CONSORTIUM

### PLAINTIFF, NAKISHA HODGE V. NATIONAL RAILROAD PASSENGER CORPORATION

14. Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

15. At the time of the accident in question Plaintiffs were married.

16. As a direct and proximate result of the negligence of Defendant, Plaintiff was caused to suffer a loss of consortium, affection, assistance and companionship of his wife all to his great detriment and loss.

WHEREFORE, Plaintiff, NAKISHA HODGE prays for judgment in her favor and against Defendant for a sum in excess of Fifty Thousand ($50,000.00) Dollars plus costs.

## COUNT III - NEGLIGENCE

### PLAINTIFF, MIKAL HODGE V. ROBERT BAXTER JR.

17. Plaintiffs hereby incorporates all preceding paragraphs, inclusively, as if fully set forth at length.

18. At all times material hereto, Defendant was the employer of Robert Baxter Jr., who at all times material was operating within his course and scope of employment for Defendant, National Railroad Passenger Corporation and as such, Defendant is vicariously responsible for Defendant, Robert Baxter Jr.

Case ID: 170902159

19. Defendant Baxter's negligence consisted of the following: (1) failing to yield to traffic with the right of way, (2) reversing without ensuring that it was safe to do so, (3) failing to abide by the assured and clear distance ahead rule, (4) reversing without looking, (5) traveling at an unreasonable speed under the circumstances.

20. At all times material the vehicle that caused the accident in question was not registered in the Commonwealth of Pennsylvania thereby establishing Plaintiff, Hodge as full tort pursuant to the PA Motor Vehicle Code.

21. As a direct and proximate result of Defendant's aforesaid negligence, Defendant, directly and proximately caused Plaintiff suffer serious and painful injuries, some of which are permanent in nature and which include but are not limited to the following: *sprains and strains in his spine, head injury, and a herniated disc in his spine requiring pain management intervention and care.*

22. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has been and may continue to be obliged to receive and undergo medical attention and care and to incur various expenses for the injuries he has suffered for an indefinite time in the future.

23. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff, has suffered severe physical pain and mental anguish and may continue same for an indefinite time in the future.

24. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff, has been prevented from attending to his usual duties and daily

activities and verily believes that he may be prevented from same for an indefinite time in the future.

25. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff, has been prevented from attending to his usual duties and may have been caused to suffer a loss of wages and may be likely to suffer future loss of wages and has suffered a loss in his earning capacity.

**WHEREFORE,** Plaintiff, Mikal Hodge prays for judgment in his favor and against Defendant for a sum in excess of Fifty Thousand ($50,000.00) Dollars plus costs.

## COUNT IV - LOSS OF CONSORTIUM

### PLAINTIFF, NAKISHA HODGE V. ROBERT BAXTER JR

26  Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

27. At the time of the accident in question Plaintiffs were married.

28. As a direct and proximate result of the negligence of Defendant, Plaintiff was caused to suffer a loss of consortium, affection, assistance and companionship of his wife all to his great detriment and loss.

Case ID: 170902159

WHEREFORE, Plaintiff, NAKISHA HODGE prays for judgment in her favor and against Defendant for a sum in excess of Fifty Thousand ($50,000.00) Dollars plus costs.

Respectfully Submitted,

DEFINO LAW ASSOCIATES, P.C.

DATED: 9/18/17

/s/
NICHOLAS L. PALAZZO, ESQUIRE
Attorney for Plaintiff

Case ID: 170902159

## VERIFICATION

I, MIKAL HODGE, the Plaintiff, herein verify that the facts contained in the attached Complaint in Civil Action are true and correct to the best of my knowledge, information and belief; and I realize that statements made herein are subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

DATED: 9/18/17

MIKAL HODGE

Case ID: 170902159